# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

LINDA FAYE WHITFIELD                                                                          PLAINTIFF
on behalf of
WILLIAM LAMAR WEAVER

V.                                          NO. 3:16CV00151-DPM-JTR

CAROLYN COLVIN,                                                                              DEFENDANT
Acting Commissioner,
Social Security Administration

## ORDER

On June 13, 2016, Linda Faye Whitfield, on behalf of William Lamar Weaver, filed a *pro se* civil complaint against the Social Security Administration, along with a Motion for Leave to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915. *Docs. 1 & 2*. Because Whitfield submitted her claims on a preprinted form and did not answer all the questions on the form, the Court was unable to determine whether it has jurisdiction over her case. Accordingly, on June 16, 2016, the Court ordered Whitfield to file an Amended Complaint on or before July 15, 2016. *Doc. 3*. Whitfield again filed an incomplete, preprinted form. *Doc. 4*. Basically, all Whitfield alleges is that she wants this Court to overturn an unidentified decision of the Commissioner on a "child disability claim."

Whitfield will be provided one more opportunity to comply with the Court's

June 16, 2016 Order. Accordingly, she is ordered to file, **on or before September 2, 2016,** an Amended Complaint:

> (1) Stating *when* she received notice from the Social Security Appeals Council that her appeal was denied, and attaching a copy of that decision.[1]
>
> (2) Stating *why* she believes the Commissioner's decision was wrong.

**Whitfield's failure to file an Amended Complaint by September 2, 2016, will result in recommended dismissal of her case for failure to prosecute**.[2]

IT IS SO ORDERED this 3rd day of August, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] If Whitfield has *not* received a notice from the Appeals Council, she must attach a copy of the last decision or notice she received from the Social Security Administration.

[2] Whitfield is again notified of her responsibility to comply with Local Rule 5.5(c)(2), which provides: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."