## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

LINDA FAYE WHITFIELD                                              PLAINTIFF
on behalf of
WILLIAM LAMAR WEAVER

V.                          NO. 3:16CV00151-DPM-JTR

NANCY A. BERRYHILL,[1]                                            DEFENDANT
Acting Commissioner,
Social Security Administration

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent
to United States District Judge D.P. Marshall Jr. You may file written objections to
all or part of this Recommendation. If you do so, those objections must: (1)
specifically explain the factual and/or legal basis for your objection; and (2) be
received by the Clerk of this Court within fourteen (14) days of this Recommendation.
By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

Linda Faye Whitfield ("Whitfield") initiated this action by filing a *pro se*
Complaint seeking judicial review of the Commissioner's decision denying her

---

[1]Berryhill is now the Acting Commissioner and is automatically substituted as Defendant
pursuant to Fed. R. Civ. P. 25(d).

1

application for supplemental security income ("SSI") on behalf of her child. *Docs. 2, 4 & 6.* In response, the Commissioner filed a Motion to Dismiss Whitfield's Complaint as untimely.[2] *Doc. 15.* Whitfield has filed a Response. *Doc. 17.* Thus, the issues are joined and the Motion to Dismiss is ripe for decision.

## II. Discussion

The law permits an SSI claimant to seek judicial review of a unfavorable decision of the Commissioner by filing a civil action within sixty days of the mailing of a final decision. 42 U.S.C. § 405(g). Under the Commissioner's regulations, the sixty-day period begins when notice of the Appeals Council's decision is "received by the individual." 20 C.F.R. §§ 416.1481, 422.210(c). A person is presumed to have "received" notice five days after the date of the notice. *Id.* §§ 416.1401, 422.210(c). If a claimant files her civil case outside the sixty-day filing period, in the absence of equitable tolling, the case is time-barred. *Bowen v. City of New York*, 476 U.S. 467, 478 (1986); *Bess v. Barnhart*, 337 F.3d 988, 990 (8th Cir. 2003); *Turner v. Bowen*,

---

[2] The Commissioner argues that, because Whitfield's Complaint is untimely, she has failed to state a claim for relief under Fed. R. Civ. P. 12(b)(6). *Doc. 15 at 1, 4.* However, the Commissioner has attached an Affidavit and several documents to her Motion. *Doc. 15-1.* Likewise, Whitfield's Response relies on several documents. *Doc. 17 at 2-16.* Because both parties clearly intend for the Court to consider evidence they have submitted that is outside of the pleadings, the Court will construe the Commissioner's Motion to Dismiss as a Motion for Summary Judgment under Fed. R. Civ. P. 56. *See George v. City of St. Louis*, 26 F.3d 55, 57 (8th Cir. 1994) (holding that the District Court was not required to give notice to the parties of the conversion of a motion to dismiss to a motion for summary judgment where the parties "submitted to the Court matters outside the pleadings, knowing that the Court would consider such matters").

862 F.2d 708, 710 (8th Cir. 1988); *Caran v. Bowen*, 834 F.2d 720, 721 (8th Cir. 1987).

The underlying ALJ decision giving rise to this action became final on November 5, 2015, the date the Commissioner's Appeals Council denied Whitfield's request for review. *Doc. 15-1 at 22*. The "Notice of Appeals Council Action" advised Whitfield that, if she disagreed with the decision, she had the right to "ask for court review ... by filing a civil action" within sixty days. *Id. at 23*. The notice further informed Whitfield that it would be assumed that she received the notice five days after its date, *i.e.*, on November 10, 2015. *Id.* The notice also advised Whitfield that, if she could not file for court review within sixty days, she could ask the Appeals Council for an extension of time. *Id. at 23-24*. Whitfield did not request an extension of time to file a civil action. *Id. at 3*.

Thus, Whitfield had until and including January 11, 2016 to commence this action on a timely basis.[3] Instead of doing so, Whitfield waited until June 13, 2016, more than five months after expiration of the sixty-day filing period, to file this case. *Docs. 1 & 2*.

In response to the Commissioner's Motion to Dismiss, Whitfield asserts that she

---

[3]Because the sixtieth day, January 9, was a Saturday, the filing deadline became Monday, January 11, 2016. *See* Fed. R. Civ. P. 6(a).

3

"did file in a timely manner but to the wrong place." *Doc. 17 at 1*. According to Whitfield, she "filed civil papers," on November 17, 2015, by sending them to 5107 Leesburg Pike, Falls Church, Virginia. *Doc. 6 at 2*. She attached a receipt from the post office, confirming that, on November 17, 2015, she mailed a package to that address. *Id. at 5; Doc. 17 at 14*. She said the papers were "signed for" on November 19, 2015, but that she was later told "nobody could find them." *Doc. 6 at 2*. She also submitted two fax cover sheets, dated March 1, 2016, indicating that she faxed some "papers" to "Carrie" at "Social Security," and to "Social Security Attn Judges," both regarding "missing mail." *Id. at 1, 3*. She said "they still have my paperwork" and she "was told all the papers are in an e-file." *Id. at 1; Doc. 17 at 1*.

Finally, Whitfield has attached to her Response a document with a handwritten notation that reflects she "sent papers 4-15 to US District Court J[ones]boro," which were "mailed back to me 29 of May no records." *Doc. 17 at 15*. Approximately two weeks later, on June 13, 2016, Whitfield filed this action.

There is no dispute that Whitfield's Complaint was filed outside the sixty-day filing period. The dispositive issue is whether equitable circumstances exist for tolling the statute of limitations.

The Supreme Court has recognized that, "[w]hile in most cases the Secretary will make the determination whether it is proper to extend the period within which

review must be sought, cases may arise where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Bowen*, 476 U.S. at 480; *see also id.* at 481 (tolling is limited to "rare" cases). The Eighth Circuit has explained:

> Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

*Medellin v. Shalala*, 23 F.3d 199, 204 (8th Cir. 1994) (*quoting Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). It is well-established that "ignorance of legal rights does not toll a statute of limitations." *Turner*, 862 F.2d at 710 (disability claimant's illiteracy and representation by a non-attorney did not justify equitable tolling of sixty-day limitations period).

Whitfield does not dispute that she received the Appeals Council's November 5, 2015 notice. That notice contained specific instructions for filing a civil action:

> If you disagree with our action, you may ask for court review of the Administrative Law Judge's decision by *filing a civil action. ...*
>
> **How to File a Civil Action**
>
> You may file a civil action (ask for court review) by filing a complaint *in the United States District Court for the judicial district in which you live*. The complaint should name the Commissioner of Social Security as the defendant and should include the Social Security number(s) shown at the top of this

letter.

You or your representative must deliver copies of your complaint and of the summons issued by the court to the U.S. Attorney for the judicial district where you file your complaint, as provided in Rule 4(i) of the Federal Rules of Civil Procedure.

You or your representative must also send copies of the complaint and summons, by certified or registered mail, to the Social Security Administration's Office of the General Counsel that is responsible for the processing and handling of litigation in the particular judicial district in which the complaint is filed. The names, addresses, and jurisdictional responsibilities of these offices are published in the Federal Register (70 FR 73320, December 9, 2005), and are available on-line at the Social Security Administration's Internet site, http://policy.ssa.gov/poms.nsf/ links/0203106020.

You or your representative must also send copies of the complaint and summons, by certified or registered mail, to the Attorney General of the United States, Washington DC 20530.
...

If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file.
....

You must mail your request for more time to the Appeals Council at the address shown at the top of this notice.

*Doc. 15-1 at 23-24* (emphasis added).

The notice informed Whitfield that, if she had any questions, she could "call, write, or visit any Social Security office." *Id. at 24*. The notice provided the address and telephone number of the local Social Security office. It also provided a link to the Social Security Administration's website, which contains information about the

6

appeals process, including seeking judicial review in federal court.[4]

The Falls Church, Virginia address, where Whitfield sent her "papers" on November 17, 2015, is the Office of Disability Adjudication and Review, and the address appears at the top of the Appeals Council's November 5, 2015 notice. *Doc. 15-1 at 22*. Nothing in the language of the notice can be construed as advising Whitfield that the proper way to "file a civil action" for judicial review was to mail paperwork to the Appeals Council.

Whitfield's two March 1, 2016, faxes also appear to have been sent to individuals at the Social Security office in Falls Church, Virginia, in an attempt to locate the paperwork she had previously sent to that address. Importantly, both of those faxes were sent well *after* the expiration of the sixty-day limitations period. Similarly, accepting as true Whitfield's assertion that she sent "papers" to the United States District Court on April 15, 2016, which were returned, those papers were also untimely by several months and thus cannot be considered a "defective pleading [filed] during the statutory period." *See Irwin*, 498 U.S. at 96. Accordingly, they provide no basis for equitably tolling the limitations period.

_____

[4]The section entitled "Appeal a Decision" contains several publications which explain how to file a civil action in federal court, *e.g.*, "The Appeals Process," "Your Right to Question the Decision Made on Your Claim," "Your Right to Question a Decision Made on your Supplemental Security Income (SSI) Claim," and "Your Right to Administrative Law Judge Hearing and Appeals Council Review of Your Social Security Case. *See* https://www.ssa.gov/disabilityssi/appeal.html.

Finally, Whitfield does not allege that she was induced or tricked by any misconduct on the part of the Social Security Administration.

The Supreme Court has made it clear that only in "rare" cases is equitable tolling appropriate to hold in abeyance the sixty-day limitations period. There is nothing in Whitfield's Response which suggests that her reasons for belatedly filing this action are sufficient to justify equitable tolling. Accordingly, because Whitfield did not initiate this action within the applicable sixty-day limitations period, it is now time-barred and should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED that the Commissioner's Motion to Dismiss (*Doc. 15*), construed as a Motion for Summary Judgment, be GRANTED, and that this case be DISMISSED, with prejudice, as untimely.

DATED this 10th day of April, 2017.

UNITED STATES MAGISTRATE JUDGE